307 P.2d 906

Delmar CARTER, Plaintiff,

v.

PROVO CITY, a municipal corporation; Harold E. Van Wagenen, Mayor; Frank Killpack, George E. Collard, G. Marion Hinckley, Stella H. Oakes, Roy Passey, and Phillip Perlman, Members of the City Council; E. Earl Udall, City Manager and Acting Director of Finance of Provo City; and I. G. Bench, City Recorder of Provo City, Defendants.

No. 8559.

Supreme Court of Utah.

Feb. 27, 1957.

Dallas H. Young, Jr., Provo, for plaintiff.

George S. Ballif, Provo, Paul Thatcher, Ogden, for defendant.

HENRIOD, Justice.

Petition for an extraordinary writ to prohibit defendants from constructing a sewer in a special improvement district. The writ will issue until defendants comply with Article VI, Sec. 16 of the Provo City charter which reads:

"No contract shall be executed for the acquisition of any property or the construction of any improvement or betterment to be financed by the issuance of bonds until the ordinance authorizing the issuance of such bonds shall have taken effect and any contract executed before such day shall be null and void."

Defendants contend that the general laws of Utah relating to special improvements[1] should govern, which permit in

1. Sec. 10-7-21 to 56, Sec. 10-7-61 to 64, Utah Code Annotated, 1953.

order (1) contract bidding, (2) levy of assessments to cover the cost of the improvement, and (3) issuing bonds to pay for it, the bonds to be retired by the assessments collected periodically. Reason for such contention, defendants urge, is that such laws were incorporated by reference and prevail over Article VI, Sec. 6, since Provo City's charter, Article V, Sec. 1, says that:

"Debt limitations, bond issues for public utilities, water works and sewers, local improvement bonds, general obligation bonds, and other evidence of indebtedness, as well as bond elections, are governed and controlled by the State Constitution and the general laws of the State of Utah. Such laws are hereby recognized as applicable to Provo City and become a part of this charter."

We believe and hold that these sections, reasonably construed, not only can stand together, but compel the conclusion that the charter makers intended that the ordinance authorizing the bonds should precede any construction contract. We agree with plaintiff that Article V, Sec. 1 contemplates bond financing primarily supplemented by a levy, rather than the reverse, as urged by defendants.

The parties are in accord as to the scope of power under the charter, and concede no difficulty in carrying out the provisions of Article VI, Sec. 16 of the charter. No costs.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

WORTHEN, J., does not participate.